NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0525-15T3

SANTANDER CONDOMINIUM
ASSOCIATION, INC.,

 Plaintiff-Respondent,

v.

AA CONSTRUCTION 1 CORPORATION
d/b/a AA CONSTRUCTION COMPANY,

 Defendant-Appellant,

and

AMERICAN RETAIL CONSTRUCTION,
LLC,

 Defendant.
____________________________________

 Argued September 26, 2017 – Decided October 13, 2017

 Before Judges Reisner, Hoffman and Mayer.

 On appeal from Superior Court of New Jersey,
 Law Division, Monmouth County, Docket No. L-
 4818-14.

 Michael Confusione argued the cause for
 appellant (Hegge & Confusione, LLC, attorneys;
 Mr. Confusione, of counsel and on the brief).
 Cheryl Siegel argued the cause for respondent
 (Buckalew, Frizzell & Crevina, LLP, attorneys;
 Jeffrey S. Mandel, on the brief).

PER CURIAM

 Defendant AA Construction 1 Corporation d/b/a AA Construction

Company (AA) appeals from the March 6, 2015 order of the trial

judge discharging its construction lien against plaintiff

Santander Condominium Association, Inc. (Santander) and awarding

counsel fees to Santander. We affirm.

 The facts giving rise to AA's construction lien claim are

undisputed. Santander hired American Retail Construction, LLC

(American Retail) to repair the façade of a condominium building

on its property located in Asbury Park. American Retail entered

into a subcontract with AA to perform the façade work.1 American

Retail failed to pay AA for its work.

 On May 16, 2013, AA's contract with American Retail was

terminated. AA sent a "Demand for Statement Respecting Trust

Relating to Improvement" to Santander and American Retail

requesting the unpaid balance for its façade work. The document

was sent by certified mail to Santander's condominium property in

Asbury Park and the green card was signed by someone at the

1
 AA did not produce a copy of its contract with American Retail
to verify that it was hired to perform the work and the amount to
be paid for the work.

 2 A-0525-15T3
condominium property. Santander maintained that it did not receive

this notice.2

 On January 23, 2014, AA filed a second document seeking the

unpaid balance for work performed. The second notice was mailed

to Santander at "400 Deal Lake Drive, Allenhurst, NJ 07711." 3

Santander claims that notices should have been mailed to its

registered agent in Howell, not the condominium property in Asbury

Park where the work was performed.

 On or about March 21, 2014, AA filed a construction lien

against Santander's property. Santander claimed it did not receive

notice of the construction lien. AA's agent certified that notice

of the construction lien was sent to Santander by regular mail and

certified mail to the address in Asbury Park. The certified mail

letter was returned "unclaimed." There is no indication in the

record as to the status of the regular mail letter.

2
 During oral argument, Santander's counsel indicated that any one
of the seventy plus condominium residents may have signed the
green card. However, the condominium residents lacked authority
to act on behalf of Santander, which is a separate legal corporate
entity.
3
 The property where the façade work was performed, known as
Santander Condominium, is located at 400 Deal Lake Drive, Asbury
Park, New Jersey, 07712. The address for Santander Condominium
Association, Inc. is c/o Urban Building Evaluations, Inc., 1 Willow
Pond Drive, Howell, New Jersey, 07731. The Allenhurst address is
unconnected to any address related to this matter.

 3 A-0525-15T3
 By October 31, 2014, Santander had remitted payment for work

due to American Retail.4 Because it remitted payment in full to

American Retail, Santander demanded discharge of the lien. AA

declined to discharge the lien.

 Santander filed a verified complaint and order to show cause

seeking discharge of AA's construction lien and attorneys' fees

and costs. In the complaint, Santander asserted that AA did not

effectuate proper service of the lien. At the show cause hearing,

Santander argued that AA's service of the lien claim was improper

because, pursuant to its contract with American Retail, all notices

were to be sent to Santander at a Howell address. Santander

further argued that a corporate search would have disclosed the

Howell address for Santander's registered agent. Instead, AA

mailed all notices to the residential condominium property in

Asbury Park where the work was performed. Santander asserted that

it did not receive mail or maintain an office at the Asbury Park

property.

 AA responded that Santander had actual notice of AA's lien

claim, which fulfilled the notice requirement of the construction

lien statute. AA also maintained that it was not a party to the

written contract between Santander and American Retail, and

4
 American Retail filed for bankruptcy in December 2014.

 4 A-0525-15T3
therefore could not have known the address for service of notices

on Santander.

 By order dated March 6, 2015, the motion judge determined

that AA did not effectuate service of the lien claim on Santander.

Thus, he discharged AA's lien claim against Santander and awarded

attorney's fees to be calculated by the court in a separate

application. Santander subsequently submitted a certification for

legal services. On August 17, 2015, the motion judge awarded

attorney's fees to Santander in the amount of $8,798.70.

 This appeal involves interpretation of the requirements of

the Construction Lien Law, N.J.S.A. 2A:44A-1 to -38. Statutory

interpretations involve questions of law and are reviewed de novo

by appellate courts. McGovern v. Rutgers, 211 N.J. 94, 108 (2012).

"A trial court's interpretation of the law and the legal

consequences that flow from established facts are not entitled to

any special deference." Manalapan Realty, LP v. Twp. Comm. of

Twp. of Manalapan, 140 N.J. 366, 378 (1995). However, fact

findings by a judge are entitled to deference on appeal "when

supported by adequate, substantial and credible evidence" in the

record. Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65

N.J. 474, 484 (1974).

 5 A-0525-15T3
 The motion judge discharged AA's lien claim on the basis that

AA failed to properly serve Santander with its lien claim pursuant

to N.J.S.A. 2A:44A-7, which provides:

 a. . . . Service shall be by personal service
 as prescribed by the Rules of Court adopted
 by the Supreme Court of New Jersey or by:

 (1) simultaneous registered or certified mail
 or commercial courier whose regular business
 is delivery service; and

 (2) ordinary mail addressed to the last known
 business or residence address of the owner or
 community association, contractor or
 subcontractor. A lien claim served upon a
 community association need not be served upon
 individual "unit owners" as defined in section
 3 of P.L. 1993, c. 318 (C.2A:44A-3).

 b. The service of the lien claim provided for
 in this section shall be a condition precedent
 to enforcement of the lien; however, the
 service of a lien claim outside the prescribed
 time period shall not preclude enforceability
 unless the party not timely served proves by
 a preponderance of the evidence that the late
 service has materially prejudiced its
 position. Disbursement of funds by the owner,
 community association, a contractor or a
 subcontractor who has not been properly served
 . . . shall constitute prima facie evidence
 of material prejudice.

 [N.J.S.A. 2A:44A-7.]

"When statutory language is clear and unambiguous, the court's

function is to enforce the statute as written, absent

any specific indication of legislative intent to the contrary."

 6 A-0525-15T3
Gallo v. Sphere Constr. Corp., 293 N.J. Super. 558, 563 (App. Div.

1996)(emphasis omitted).

 AA argued it complied with service of process requirements

under N.J.S.A. 2A:44A-7, which requires service of a lien claim

by personal service or by mailing to the "last known business or

residence address of the owner." As Santander is a corporation,

it has only a business address. The address of the condominium

property in Asbury Park was neither Santander's residential

address nor its business address.5 Because Santander did not

reside at 400 Deal Lake Drive, Asbury Park, New Jersey, service

of the lien claim purportedly made by AA to that address failed

to satisfy the statute's service requirements.

 Further, N.J.S.A. 2A:44A-7(a)(1) and (2) require service of

the lien claim by certified and ordinary mail. The record

indicates that the lien claim sent to Santander by certified mail

at the condominium property was "unclaimed." Thus, the lien claim

sent by certified mail was not received by Santander. AA also

attempted service of the lien claim upon Santander by ordinary

mail addressed to the condominium property. However, the status

of the ordinary mail letter was not part of the record. Thus,

even assuming the Asbury Park address was correct for AA's service

5
 Had AA done a corporate search, it would have found that
Santander's registered agent for service was located in Howell.

 7 A-0525-15T3
of its lien claim on Santander, there is no evidence that either

the certified mail or the ordinary mail were received at the Asbury

Park address.

 Additionally, Santander demonstrated it suffered "material

prejudice" in accordance with N.J.S.A. 2A:44A-7(b) because it

remitted payment for the façade work to American Retail. Pursuant

to the statute, disbursement of funds by an owner who has not been

properly served "shall constitute prima facie evidence of material

prejudice." Id.

 Because the motion judge discharged AA's lien claim for lack

of proper service, he ordered an award of attorneys' fees and

costs to Santander. Pursuant to N.J.S.A. 2A:44A-30(e), "[a]ny

lien claimant who fails to discharge a lien claim of record

pursuant to this section shall be liable for all court costs, and

reasonable legal expenses." AA disputes the applicability of the

statute in this case.

 The statute expressly provides that any party can file an

order to show cause to discharge a lien that has been filed

"without factual basis." N.J.S.A. 2A:44A-30(c). The motion judge

discharged the lien claim because AA failed to properly serve

Santander with the claim pursuant to N.J.S.A. 2A:44A-7. As a

result, AA is liable for Santander's court costs and reasonable

legal expenses. On appeal, AA did not contest the reasonableness

 8 A-0525-15T3
of the legal fees awarded to Santander. AA merely challenged the

award of fees to Santander.

 Affirmed.

 9 A-0525-15T3